UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMUEL PRICE STUART and
ANITA LOUISE STUART,

          Plaintiffs,

   v.

ABB, Inc., et al.,

          Defendants.

C17-1508-TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' motion to remand, docket no. 34, is GRANTED. The complaint alleges, in part, that plaintiff Samuel Price Stuart worked at Newport News Shipbuilding on Navy submarines. Defendants properly removed this matter on October 9, 2017, asserting the Federal Officer Removal Statute, 28 U.S.C. §1441(a) in light of allegations of exposure to asbestos and asbestos-containing products manufactured, used and/or sold by defendants.

On October 13, 2017, plaintiffs filed this motion to remand stating in relevant part:

> To resolve any uncertainty or differing interpretations concerning Plaintiffs' claims, Plaintiffs now disclaim and waive any claims that could possibly give rise to federal question jurisdiction. Plaintiffs disclaim, forevermore, any and all causes of action for any exposures of any kind to asbestos dust while Samuel Stuart was working on submarines at Newport News Shipbuilding, and further disclaim, forevermore, any and all causes of action that arise from the direction of a federal officer and/or from a federal enclave.

MINUTE ORDER - 1

Motion at 3.

As a result of plaintiff's express claim disclaimer of any claim relating to work at Newport News Shipbuilding, remand is appropriate. *See Hayden v. 3M Co.*, No. 15-2275, 2015 WL 4730741, at *3–4 (E.D. La. Aug 10, 2015); *Fisher v. Asbestos Corp. Ltd.*, No. 2:14–cv–02338–WGY–(FFMx), 2014 WL 3752020, at *3–6 (C.D. Cal. July 30, 2014); *Coury v. Air & Liquid Sys. Corp.*, No. 3:16–cv–01796–SB, 2017 WL 2345688, at *2–4 (D. Or. Mar. 21, 2017), *report and recommendation adopted*, No. 3:16–cv–01796–SB, 2017 WL 2345584 (D. Or. May 26, 2017). The form of plaintiff's post-remand waiver does not undercut its effectiveness. *Lara v. CBS Corp.*, No. CV 13–5569 ABC (MANx), 2013 WL 4807168 (C.D. Cal. Sept. 6, 2013). Similarly, plaintiffs' discovery responses after its motion to dismiss do not prevent remand. Because plaintiffs have made an express claim disclaimer of all exposures originating from Newport News Shipbuilding, there are no claims giving rise to federal officer removal jurisdiction. *See Batchelor v. Am. Optical Corp.*, 185 F. Supp. 3d. 1358, 1364–65 (S.D. Fla. 2016) (remanding case when plaintiff made it "abundantly clear" that he only sought recovery for asbestos exposure occurring at specific locations that have no relation to the U.S. Navy). Accordingly, plaintiff's disclaimer is sufficient to warrant remand of this action where removal was based on the Federal Officer Removal Statute. This action is therefore REMANDED, effective immediately, to King County Superior Court.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record and to CLOSE this case.

Dated this 22nd day of November, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2